Filed 6/27/25  P. v. Gonzalez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  FRANCISCO PEREZ GONZALEZ,  Defendant and Appellant. | E083912  (Super. Ct. No. RIF1903772)  OPINION |

APPEAL from the Superior Court of Riverside County.  Jennifer R. Gerard, Judge.  Dismissed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Junichi P. Semitsu, and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

While serving a prison term, defendant and appellant Francisco Perez Gonzalez filed a motion for discovery under the Racial Justice Act (Pen. Code, § 745, subd. (d); RJA).[1] The trial court denied the motion, and defendant appealed. We conclude the trial court's order is not appealable and therefore dismiss the appeal.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In 2020, defendant pled guilty to one count of forcible sodomy on a person under the age of 14. Pursuant to his plea deal, the trial court sentenced him to nine years in prison.

In 2024, defendant filed a document entitled, "Notice of Motion for Discovery pursuant to Penal Code section 745[, subdivision] (d) – Racial Justice Act." On the second page of the document, defendant reiterated that the document was a discovery motion under section 745, subdivision (d).

The trial court summarily denied the motion, which the court construed as a "Motion for Relief Due to Discrimination pursuant to Penal Code section 745." The court first found that defendant did not show good cause for the requested discovery. The court next found that defendant failed to make a prima facie showing of an RJA violation. A few weeks later, defendant appealed.

---

[1] All further statutory references are to the Penal Code.

DISCUSSION

The People contend defendant's appeal should be dismissed because the trial court's denial of his discovery motion under section 745, subdivision (d) of the RJA is not appealable.[2] We agree.

The only published decisions to address this issue have held that an order denying a motion for discovery under section 745, subdivision (d), is not appealable, albeit for different reasons. (*In re Montgomery* (2024) 104 Cal.App.5th 1062, 1066, review granted Dec. 11, 2024, S287339; *People v. Serrano* (2024) 106 Cal.App.5th 276, 292, review granted Jan. 15, 2025, S288202.)

*In re Montgomery* held that "the RJA does not authorize a freestanding motion for discovery" like defendant's here, so trial courts lack jurisdiction to rule on any such motion. (*In re Montgomery*, *supra*, 104 Cal.App.5th at p. 1071, review granted.) The court therefore concluded that a trial court's order denying a freestanding motion for discovery under the RJA is not appealable and, in turn, any appeal from such an order must be dismissed. (*Id*. at pp. 1071-1072.)

---

[2] The People alternatively argue that if we construe defendant's motion as alleging an RJA violation, then we should dismiss the appeal because the trial court lacked jurisdiction to rule on that motion. The People also argue that if we construe defendant's motion as a habeas corpus petition, then we should affirm the trial court's order because defendant failed to state a prima facie case. We do not construe defendant's motion in either way, nor does defendant ask us to. He instead reiterates throughout his opening brief and reply brief that his motion below was only a motion for discovery under section 745, subdivision (d). We therefore construe the motion only as one for discovery brought under section 745, subdivision (d).)

*People v. Serrano* similarly held that a trial court's order denying an RJA discovery motion is not appealable because it is an "interlocutory order in connection with the anticipated filing of [a] habeas corpus petition." (*People v. Serrano*, 106 Cal.App.5th at p. 293, review granted.) The court reasoned that, "[l]ike a motion for postconviction discovery under section 1054.9, a postjudgment discovery motion under the Act is merely a precursor to a criminal defendant asserting a claim under the Act, not an end in itself." (*Id*. at p. 292.) The court therefore concluded the denial of a postjudgment motion for discovery under the RJA may be challenged only by a petition for writ of mandate, not a direct appeal. (*Ibid*.) As a result, *Serrano* dismissed the appeal. (*Id*. at p. 293.)

Our Supreme Court granted review in both *Montgomery* and *Serrano* and is poised to decide the issue, but we need not pick a side. Under either case, we must dismiss defendant's appeal. This dismissal is without prejudice to defendant's filing a petition for habeas corpus or other appropriate relief under the RJA.

IV.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.